**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| IN RE: | ) |
| | ) |
| LUKE VAN WALCH and | ) CHAPTER 7 |
| JANINE RETZ WALCH, | ) |
| | ) CASE NO.: 23-11420 TBM |
| DEBTORS. | ) |

**DEBTORS' RESPONSE TO MOTION FOR RELIEF FROM AUTOMATIC STAY**

COME NOW Luke Van Walch and Janine Retz Walch, Debtors in the above-captioned bankruptcy case ("Debtors"), through their undersigned counsel, Berken Cloyes, and hereby submit the following Response to Floorplan Xpress, LLC-OK's, ("Movant's") Motion for Relief from the Automatic Stay and state as follows:

### I.   RESPONSE TO MOTION FOR RELEFI FROM STAY

1. Debtors admits the allegations contained in Paragraphs 1, 2, 3, 4, 5, 6, and 7.

2. Debtors deny paragraph 8,

3. Debtors admit paragraph 9.

4. Debtors admit paragraph 10 to the extent the loan was and is unpaid. Debtors are without knowledge as to what Floorplan Xpress is doing.

5. Debtors admit paragraph 11.

6. That paragraph 12 references a complaint filed in Weld County Court and same speaks for itself.

7. Debtors admit paragraph 13.

8. Debtors admit paragraph 14 as to the filing, deny the remainder.

9. Debtors deny paragraph 15 to the extent that abstention "avoids potential inconsistent rulings."

1

10. Debtors deny paragraph 16 and 17.

11. That paragraph 18 is a reference to the bankruptcy code section as well as case law and requires no response.

12. That paragraph 19 is a reference to the "Curtis factors," requires no response.

13. Debtors deny paragraph 20.

14. Debtors deny paragraph 21 and state that few if any findings by the state court would be instructive to this court.

15. Debtors deny paragraph 22.

## II. THE FACTORS OF *IN RE CURTIS*

16. In the oft-cited case of *In re Curtis*, 40 B.R. 795 (Bankr. D.Utah 1984), courts may weigh twelve nonexclusive factors, known as the "*Curtis*" factors, in deciding whether to grant relief from an automatic stay. They are as follows:

    a. Whether the relief will result in a partial or complete resolution of the issues;

    *Response: given the disparate evidentiary factors between the state court claims and those within the adversary case, debtors deny that relief would result in either partial or complete resolution of any issues. It is unlikely that the state court judge will instruct the trier of fact as to the different standards of proof for breach of fiduciary duty.*

    b. The lack of any connection with or interference with the bankruptcy case.

    *Response: the connection with the bankruptcy case vis-à-vis the state court matter is tenuous at best. Debtors acknowledge Movant's concerns with Flat Iron Bank. To the extent Debtors would be called as witnesses in the state court matter, there is nothing that would interfere with Movant prosecuting its claims within that court.*

    c. Whether the foreign proceeding involves the debtor as a fiduciary;

    *Response: Assuming arguendo Debtors are fiduciaries under state law, there is a different standard within 11 U.S.C. § 523(a)(4.)*

d. Whether a specialized tribunal has been established to hear the particular cause of action and whether that tribunal has the expertise to hear such cases;

    *Response: Just the opposite. State courts are not versed in matters involving Section 523 of the bankruptcy code.*

e. Whether the debtor's insurance carrier has assumed full financial responsibility for defending the litigation;

    *Response: Not applicable.*

f. Whether the action essentially involves third parties, and the debtor functions only as a bailee or conduit for the goods or proceeds in question;

    *Response: To the extent Movant has claims against Flat Iron Bank, the matter does involve third parties.*

g. Whether the litigation in another forum would prejudice the interests of other creditors, the creditors' committee and other interested parties;

    *Response: Not applicable.*

h. To the extent there is an impact to the bankruptcy estate;

    *Response: The underlying chapter 7 proceeding is an "asset case." To the extent that Movant's claim is established and "liquidated" in the adversary case, it would provide some guidance to the Chapter 7 trustee.*

i. Whether the judgment claim arising from the foreign action is subject to equitable subordination under Section 510(c);

*Response:  Not applicable.*

j. Whether Movant's success in the foreign proceeding would result in a judicial lien avoidable by the debtor under Section 522(f)(10);

*Response: Not applicable.*

k. Whether the foreign proceedings have progressed to the point where the parties are prepared for trial;

*Response:  The debtors are unaware of a trial date set in the state court proceeding.*

WHEREFORE, Debtors respectfully request that the instant motion for relief from stay is held in abeyance pending an Order from this court as to the motion for abstention, pending in adversary case number 23 – 01192 TBM, filed on September 12, 2023 (dkt. # 8.)

Dated this 17th day of October 2023.

/s/ *Stephen E. Berken*
Stephen E. Berken, Atty. Reg. No. 14926
Berken Cloyes PC
1159 Delaware Street
Denver, Colorado 80204
Tel: (303) 623-4357
Fax: (720) 554-7853
stephenberkenlaw@gmail.com

4

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the Debtors' Response to Motion for Relief from stay was served by placing the same in the United States Mail, first class postage pre-paid, this 17th day of October 2023 to the following:

David M. Rich
999 18th Street, Suite 1230-S
Denver, Colorado 80202
Dave@KJBlawoffice.com

US Trustee
1961 Stout Street
Suite 12-200
Denver, CO 80294

Tom H. Connolly - Louisville, CO
950 Spruce Street
Suite 1C
Louisville, CO 80027

*/s/ Stephen Berken*